J-A21028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALAN LE GRANDE BARKMAN, | |
| Appellant | No. 1587 WDA 2016 |

Appeal from the PCRA Order September 21, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001016-2014, CP-25-CR-0001850-2014 and CP-25-CR-0002252-2012

BEFORE: BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 18, 2017**

Appellant, Alan Le Grande Barkman, appeals from the September 21, 2016 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As we conclude that counsel fulfilled the procedural requirements of **Turner/Finley**, and this appeal is without merit, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's PCRA petition.

The factual background and procedural history of this case are as follows. On May 28, 2012, a member of the Pennsylvania State Police pulled Appellant over and determined that he was driving under the influence of alcohol. On September 11, 2012, the Commonwealth charged Appellant via criminal information with seven offenses including, *inter alia*, driving under the influence of alcohol ("DUI") – general impairment.[1] On October 1, 2012, Appellant pled guilty to, *inter alia*, DUI-general impairment and was immediately sentenced to four years' intermediate punishment.

On March 16, 2014, a member of the Edinboro Police Department pulled Appellant over and determined that he was driving under the influence of alcohol. On May 4, 2014, a member of the Pennsylvania State Police pulled Appellant over and determined that he was driving under the influence of alcohol. On May 19, 2014, the Commonwealth charged Appellant via criminal information with, *inter alia*, DUI-highest rate[2] for the March 16 incident. On August 20, 2014, the Commonwealth charged Appellant via criminal information with, *inter alia*, DUI-highest rate for the May 4 incident.

On October 7, 2014, Appellant pled guilty to DUI-higher rate[3] for the March 16 incident and DUI-highest rate for the May 4 incident. On

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(c).

[3] 75 Pa.C.S.A. § 3802(b).

December 3, 2014, the trial court revoked Appellant's intermediate punishment related to the DUI-general impairment conviction and re-sentenced him to 24 to 60 months' imprisonment. The trial court also sentenced Appellant to 16 to 60 months' imprisonment each for the DUI-higher rate and DUI-highest rate convictions. The trial court ordered all three sentences to run consecutively for an aggregate term of 56 to 180 months' imprisonment. The trial court found Appellant eligible for the Recidivism Risk Reduction Initiative and, therefore, lowered the minimum aggregate sentence to 42 months' imprisonment.

Appellant appealed the judgments of sentence for the DUI-higher rate and DUI-highest rate convictions and this Court affirmed those judgments of sentence. *See Commonwealth v. Barkman*, 134 A.3d 99, 2015 WL 6000781 (Pa. Super. 2015) (unpublished memorandum). Appellant did not appeal from the judgment of sentence for his DUI-general impairment re-sentencing.

On April 4, 2016, Appellant filed a *pro se* PCRA petition and counsel was appointed. On July 21, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907(A). On September 21, 2016, the PCRA court dismissed the petition. This timely appeal followed.

Counsel presents one issue in his *Turner/Finley* brief:

[Was Appellant's sentence legal?]

***See Turner/Finley*** Brief at 1-3.

Prior to addressing the merits of the issue raised in counsel's ***Turner/Finley*** brief, we must determine whether he met the procedural requirements to withdraw as counsel. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***, the court — [PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (ellipses and citation omitted). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel.

Turning to the merits of this case, "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and

jurisdictional in nature[.]" ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted). Thus, we *sua sponte* concentrate our attention on whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Because Appellant did not file an appeal from his re-sentencing for DUI-general impairment, that judgment of sentence became final on January 2, 2015.[4] Appellant's PCRA petition was filed on April 4, 2016. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[4] If the Court of Common Pleas of Erie County were closed on January 2, 2015, it became final on January 5, 2015.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule." **Commonwealth v. Wiley**, 966 A.2d 1153, 1158 (Pa. Super. 2009) (citation omitted).

As noted above, a petitioner must plead and prove the existence of a timeliness exception in order for the PCRA court to have jurisdiction over an untimely petition. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). In this case, Appellant's PCRA petition did not allege that he satisfied one of the PCRA's timeliness exceptions. As such, he failed to plead and prove the applicability of a timeliness exception and the PCRA court lacked jurisdiction over his untimely petition as it relates to the DUI-general impairment conviction.

Appellant's judgments of sentence for his DUI-higher rate and DUI-highest rate convictions did not become final until November 16, 2015.[5]  As such, Appellant's PCRA petition was timely with respect to those two convictions.  Therefore, we turn to the lone issue raised in counsel's *Turner/Finley* brief only as it relates to those two convictions.

Our standard of review when determining if a sentence is illegal is *de novo* and our scope of review is plenary.  ***Commonwealth v. Brown***, 159 A.3d 531, 532 (Pa. Super. 2017).  As noted above, Appellant was sentenced to a term of 16 to 60 months' imprisonment for both his DUI-higher rate and DUI-highest rate convictions.  In his *pro se* response to counsel's *Turner/Finley* letter, Appellant contends that his sentence for DUI-higher rate was illegal because he only pled guilty to DUI-general impairment (first offense).[6]

The record belies Appellant's assertion.  At the plea hearing, Appellant was asked how he pled to "driving under the influence, high rate of alcohol, third offense[.]"  N.T., 10/7/14, at 10-11.  He responded, "Guilty."  ***Id.*** at

---

[5] November 14, 2015 was a Saturday.

[6] Appellant also argues that both his DUI-higher rate and DUI-highest rate sentences were manifestly excessive, unreasonable, and inconsistent with the objectives of the Sentencing Code.  These discretionary aspects claims, however, are not cognizable under the PCRA.  ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007); ***see*** 42 Pa.C.S.A. § 9543(a)(2).  Similarly, Appellant's argument that the trial court violated the parties' plea agreement is not cognizable under the PCRA.  ***Commonwealth v. Berry***, 877 A.2d 479, 482-484 (Pa. Super. 2005); ***see*** 42 Pa.C.S.A. § 9543(a)(2).  As such, the PCRA court correctly denied relief on these claims.

11. The statutory maximum penalty for DUI-higher rate (third offense) is five years' imprisonment. *See* 75 Pa.C.S.A. § 3803(b)(3); 18 Pa.C.S.A. § 106(b)(6). As Appellant was sentenced to a maximum term of five years' imprisonment, his sentence was legal.

Appellant argues that his DUI-highest rate sentence was illegal because it was not his third offense. This argument is without merit. As noted above, Appellant was convicted of DUI-general impairment in 2012. Moreover, Appellant was sentenced for DUI-higher rate on the same day as he was sentenced for DUI-highest rate. Therefore, that conviction was included when calculating the number of prior DUI offenses. 75 Pa.C.S.A. § 3806(b)(3). The statutory maximum penalty for DUI-highest rate (third offense) is five years' imprisonment. *See* 75 Pa.C.S.A. § 3803(b)(4); 18 Pa.C.S.A. § 106(b)(6). As Appellant was sentenced to a maximum term of five years' imprisonment, his sentence was legal.

In sum, the PCRA court lacked jurisdiction over Appellant's PCRA petition as it related to the re-sentencing for his DUI-general impairment conviction. Appellant's sentences for DUI-higher rate and DUI-highest rate were legal. As such, this appeal is without merit. Accordingly, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017