J-S47040-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA

              Appellee          :

                             :

          v.                      :

                             :

PAUL JEROME BANNASCH,          :

                             :

             Appellant        :       No. 229 WDA 2018

Appeal from the Judgment of Sentence January 30, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001337-2013

BEFORE: OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       FILED SEPTEMBER 26, 2018

Paul Jerome Bannasch (Appellant) appeals from the January 30, 2018 judgment of sentence following Appellant's no contest plea to, inter alia, third-degree murder. We affirm.

The trial court provided the following background.

> [Appellant] and his co-conspirator were charged with first[-]degree murder, kidnapping to facilitate a felony, unlawful restraint resulting in serious bodily injury, [] conspiracy to commit criminal homicide, [] conspiracy to commit unlawful restraint of the victim, and following the unlawful killing, abuse of a corpse. The charges arose out of an incident that took place on June 22, 2013, in the City of Connellsville, Fayette County, Pennsylvania[,] when [Appellant] and his co-conspirator left a bar with the female victim, and then began to assault her. After the victim was twice punched in the face, she fell and lost consciousness. [Appellant] and his co-conspirator then forcefully dragged her diagonally over some railroad tracks to an embankment where they kicked her over the hillside. After [Appellant] and his co-conspirator climbed down the hillside, they unlawfully restrained the victim in an isolated, desolate location while they continued to beat her with the intention of

* Retired Senior Judge assigned to the Superior Court.

killing her by means of strangulation and blows to her body causing asphyxiation, as well as subjecting her to extreme blunt force trauma to her face and penetration lacerations to other parts of her body, including tearing of her vagina and anus. After the victim died, [Appellant] and his co-conspirator threw the totally naked dead body into the Youghiogheny River. The prosecution gave notice that it intended to seek the death penalty in light of the circumstances.

Following a forensic evaluation and numerous continuances of the trial date by [Appellant], he was offered a plea bargain whereby the prosecution would remove its request for the death penalty and reduce the charge of murder from first degree to third degree, but the plea itself would be general so the sentence imposed would be up to the [trial] court. [On January 30, 2018, Appellant] voluntarily and knowingly agreed to the bargain, entering his no contest plea to third[-]degree murder[, unlawful restraint, abuse of a corpse, two counts of conspiracy to commit homicide, kidnapping to facilitate a felony, conspiracy to unlawful restraint, and conspiracy to abuse of a corpse]. ...

Trial Court Opinion, 3/27/2018, at 1-2 (unnecessary capitalization and citations omitted).

On the same day, the trial court sentenced Appellant to a term of 20 to 40 years of incarceration for third-degree murder, two and one-half to five years of incarceration for unlawful restraint, one to two years of incarceration for abuse of a corpse, six to twenty years of incarceration for kidnapping, and no further penalty on the remaining counts. All terms of incarceration were set to run consecutively, for an aggregate term of incarceration of 29 1/2 to 67 years.

Appellant timely filed a post-sentence motion on February 7, 2018, which the trial court denied on February 9, 2018. This timely-filed appeal followed.[1] On appeal, Appellant raises two issues for our review.

> I. Did the [trial] court err in sentencing Appellant on the crime of [unlawful restraint[2]] to a consecutive period of incarceration to the crime of kidnapping, as the two (2) crimes merged for sentencing purposes[.]
>
> II. Did the [trial] court abuse its discretion by imposing a harsh, severe, and manifestly unreasonable and excessive sentence by sentencing Appellant to the maximum sentence allowable by law for each offense and by running each offense in a consecutive order[.]

Appellant's Brief at 7 (unnecessary capitalization omitted).

We begin with Appellant's merger claim. A claim that two crimes should have merged for sentencing purposes implicates the legality of the sentence. Commonwealth v. Brown, 159 A.3d 531, 532 (Pa. Super. 2017). Our standard of review for a challenge to the legality of a sentence is de novo, and our scope of review is plenary. Id.

Pennsylvania's merger doctrine is codified in section 9765:

---

[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[2] Appellant's statement of questions involved states that simple assault merges with kidnapping for sentencing purposes, whereas his concise statement of errors complained of on appeal and the argument section of his brief state that unlawful restraint merges with kidnapping for sentencing purposes. Compare Appellant's Brief at 7 with Concise Statement of Errors Complained of on Appeal, 3/7/2018; Appellant's Brief at 10-12. Appellant was not charged with, nor did he plead no contest to, simple assault. Thus, it appears that his statement of questions involved contains a typographical error. Accordingly, we review Appellant's first claim as it pertains to the merger of unlawful restraint and kidnapping.

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." Commonwealth v. Baldwin, 985 A.2d 830, 833 (Pa. 2009).

> When considering whether there is a single criminal act or multiple criminal acts, the question is not "whether there was a 'break in the chain' of criminal activity." The issue is whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes."

Commonwealth v. Martinez, 153 A.3d 1025, 1030 (Pa. Super. 2016), quoting Commonwealth v. Pettersen, 49 A.3d 903, 912 (Pa. Super. 2012). "In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, we must examine the charging documents filed by the Commonwealth." Id. at 1031 (citing Commonwealth v. Jenkins, 96 A.3d 1055, 1060 (Pa. Super. 2014)).

On appeal, Appellant argues that the crimes of unlawful restraint and kidnapping arose from a single criminal act, and that the elements of unlawful restraint are all included in the statutory elements of kidnapping. Appellant's Brief at 11.

- 4 -

Relevant to this claim, Appellant was charged with, and pled no contest to, unlawful restraint and kidnapping.[3] With respect to unlawful restraint, Appellant was charged by criminal information as follows.

Knowingly restrained another person unlawfully in circumstances exposing the person to risk of serious bodily injury, to wit: the defendant did unlawfully re[s]train the victim... thus causing her injury and subsequent death.

Information, 9/19/2013, at Count 4: Unlawful Restraint/Serious Bodily Injury, 18 Pa.C.S. § 2902(a)(1).

With respect to kidnaping, Appellant was charged as follows.

Unlawfully removed another person a substantial distance under the circumstances from the place where the person was found, or unlawfully confined another person for a substantial period of time in a place of isolation, with intent to facilitate the commission of a felony or flight thereafter; to wit: the defendant did drag the victim... a substantial distance in an attempt to commit a felony against the victim.

Information, 9/19/2013, at Count 7: Kidnap to Facilitate a Felony, 18 Pa.C.S. § 2901(a)(2).

In its 1925(a) opinion, the trial court found that Appellant's crimes did not merge because they did not arise from a single criminal act.

---

[3] These crimes are defined in the Crimes Code as follows. "[A] person commits a misdemeanor of the first degree if he knowingly... restrains another unlawfully in circumstances exposing him [or her] to risk of serious bodily injury[.]" 18 Pa.C.S. § 2902(a)(1). "[A] person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he [or she] is found, or if he unlawfully confines another for a substantial period in a place of isolation, [with the intent to] facilitate commission of any felony or flight thereafter." 18 Pa.C.S. § 2901(a)(2).

In this case, [Appellant] conspired with his co-defendant to inflict serious bodily injury upon the victim as occurred when the co-defendant punched the victim in the head several times, and then actively taking part in the completion of the crime of unlawful restraint by each holding one of her arms and picking her up from the weeds into which she had fallen thereby substantially interfering with her liberty by preventing her possible escape. When [Appellant] and his co-conspirator dragged the victim across the railroad tracks to an isolated riverbank with the intention of further assaulting her they committed the crime of kidnapping. The crimes of kidnapping and unlawful restraint to which [Appellant] entered no contest pleas do not merge for sentencing purposes under the factual circumstances as they existed in this case.

Trial Court Opinion, 3/27/2018, at 4-5 (citations omitted).

Upon review of the record, we agree with the trial court that Appellant committed the crime of kidnapping to facilitate a felony, when, after the victim was twice punched in the face and knocked unconscious, Appellant "and his co-conspirator [] forcefully dragged her diagonally over some railroad tracks to an embankment where they kicked her over the hillside" in order to facilitate their continued assault and eventual murder of the victim. Id. at 1-2. Appellant then, after climbing down the hillside where the victim fell, committed the crime of unlawful restraint when he and his co-conspirator

restrained the victim in an isolated, desolate location while they continued to beat her with the intention of killing her by means of strangulation and blows to her body causing asphyxiation, as well as subjecting her to extreme blunt force trauma to her face and penetration lacerations to other parts of her body, including tearing of her vagina and anus.

Id. at 2.

Thus, we conclude that Appellant "commit[ed] multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[,]" and, thus, he has not satisfied the first requirement for merger. Martinez, 153 A.3d at 1030, quoting Pettersen, 49 A.3d at 912.

Moreover, even if we were to assume that these acts constituted a single criminal act, Appellant would not be able to satisfy the second requirement. As charged, unlawful restraint requires proof that Appellant "restrain[ed] another unlawfully[,]" and did so in "circumstances exposing [the victim] to risk of serious bodily injury[.]" 18 Pa.C.S. § 2902(a). On the other hand, the charge of kidnapping requires proof that Appellant unlawfully removed the victim "a substantial distance" from the place where the victim was found, or unlawfully confined the victim "for a substantial period in a place of isolation[,]" with the intent "to facilitate [the] commission of any felony." 18 Pa.C.S. § 2901(a)(2). All of the elements of unlawful restraint are not included in the elements of kidnapping as Appellant was charged: kidnapping does not require proof of circumstances exposing the victim to the risk of serious bodily injury, and unlawful restraint does not require proof of an intent to facilitate a felony. Accordingly, we find that the crimes of unlawful restraint and kidnapping, as charged under these factual circumstances, do not merge for sentencing. Thus, Appellant's legality-of-the-sentence claim fails.

Appellant next challenges the discretionary aspects of his sentence. We consider this claim mindful of the following.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal; he sought reconsideration in a post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the

sentencing process." Griffin, 65 A.3d at 935 (citation and quotation marks omitted).

Appellant contends in his Pa.R.A.P. 2119(f) statement that "the maximum and consecutive sentence was harsh, severe, and manifestly unreasonable… considering the charges upon which [] Appellant was convicted… [and because the trial court] failed to articulate a reasonable basis for sentencing Appellant in the aggravated range or the maximum sentence allowable … for each sentence." Appellant's Brief at 12-13. Thus, Appellant challenges the consecutive nature of the maximum-imposed sentences and the trial court's failure to articulate its reasoning for imposing aggravated range sentences.

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa. Super. 2011) (citations and quotation marks omitted).

Here, Appellant pleaded no contest to, inter alia, third-degree murder, abuse of a corpse, and kidnapping, and was sentenced to an aggregate term of incarceration of 29 1/2 to 67 years for the abhorrent conduct detailed above. We do not find that Appellant's aggregate sentence was excessive

given the criminal conduct at issue in this case, and thus he has failed to raise a substantial question warranting review of the discretionary aspect of his consecutive sentences. See Commonwealth v. Gonzalez-Dejusus, 994 A.2d 595, 599 (Pa. Super. 2010).

Appellant does, however, raise a substantial question insofar as he claims that the trial court failed to articulate its reasoning for imposing aggravated range sentences. See Commonwealth v. Wellor, 731 A.2d 152, 155 (Pa. Super. 1999) ("In his final issue [a]ppellant claims the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range. This Court has held that such a challenge to the sentence raises a substantial question."). However, Appellant completely abandons this claim in the argument section of his brief. Thus, it is waived. See Commonwealth v. Johnson, 985 A.2d 915, 925 (Pa. 2009) (holding that when an appellate brief fails to provide any discussion of a claim or "fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Instead of developing the claims raised in his Pa.R.A.P. 2119(f) statement, Appellant alleges in the argument section of his brief that the trial court "fashioned a sentence that is a virtual life sentence," which would have been appropriate if he had been convicted of first-degree murder as charged, and also "failed to consider the protection of the public, gravity of the offense as it relates to the victim and the community, and the

rehabilitative needs of [] Appellant." Appellant's Brief at 17. Although this may raise a substantial question, we need not determine that because Appellant failed to preserve it at sentencing or in a post-sentence motion. Accordingly, it is waived.[4] See Commonwealth v. Cartrette, 83 A.3d 1030, 1042-43 (Pa. Super. 2013).

Judgment of sentence affirmed.

Judge McLaughlin joins in the decision.

Judge Olson concurs in the result.

---

[4] Even if we were to reach the merits of Appellant's discretionary-aspects-of-sentencing claims, we find them to be without merit. Prior to sentencing, the trial court noted that it considered Appellant's history, the sentencing guidelines, a presentence investigation (PSI) report, and "the nature and seriousness of the crime[,] which was particularly horrific. As a result, the [trial c]ourt has imposed consecutive sentences and … in three of the four sentences have deliberately, intentionally sentenced to the statutory maximums." N.T., 1/30/2018, at 21-22. The trial court gave sufficient justification for imposing aggravated range sentences, and had the benefit of a PSI report. See Commonwealth v. Baker, 72 A.3d 652, 663 (Pa. Super. 2013) ("When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence.") (citation omitted). Thus, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Commonwealth v. Johnson, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting Commonwealth v. Disalvo, 70 A.3d 900, 903 (Pa. Super. 2013)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/26/2018