Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

COMMONWEALTH of Pennsylvania, Appellee

v.

Shawn M. BROWN, Appellant

No. 481 WDA 2016

Superior Court of Pennsylvania.

Submitted November 21, 2016
Filed March 28, 2017

Victoria H. Vidt, Public Defender, Pittsburgh, for appellant.

Rebecca G. McBride, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: SHOGAN, J., MOULTON, J., and STRASSBURGER, J.*

OPINION BY MOULTON, J.:

Shawn M. Brown appeals from the March 7, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas following his jury trial convictions for rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with minor, indecent assault of person less than 13, and corruption of minors.[1] We conclude that the convictions for rape of a child and IDSI with a child merge for sentencing purposes. Because the trial court imposed separate sentences for both convictions, we vacate the judgment of sentence and remand for resentencing.

On May 18, 2015, the Commonwealth filed an information charging that Brown committed the above-referenced offenses on March 1, 2011. The victim was Brown's male cousin, who was 11 years old at the time of the offense. The parties agree that, although at trial the victim testified that Brown had the victim perform oral sex on more than one occasion, the Commonwealth charged only one underlying act of oral sex for both the rape of a child and the IDSI with a child counts. Brown's Br. at 16; Cmwlth's Br. at 9; see Criminal Information, 6/31/15.

On December 11, 2015, a jury found Brown guilty of all charges, including rape of a child and IDSI with a child. On March 7, 2015, the trial court sentenced Brown to 120 to 240 months' imprisonment plus 5 years' probation for the rape of a child conviction; 60 to 120 months' imprison-

ment plus 5 years' probation for the IDSI with a child conviction; and 5 years' probation for the indecent assault conviction.[2] The trial court imposed no further penalty for the convictions for unlawful contact with a minor and corruption of a minor.

■ Brown filed a timely notice of appeal and raises one issue on appeal: "Is the sentence imposed upon Mr. Shawn Brown illegal, and must it be vacated, in that it violates the Double Jeopardy clause of the United States Constitution when a court imposes two sentences for one criminal act?" Brown's Br. at 6. Brown, the Commonwealth, and the trial court agree that the trial court erred in imposing a sentence for both the rape of a child and IDSI with a child convictions.

■ "A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence," for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Nero*, 58 A.3d 802, 806 (Pa.Super. 2012) (quoting *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa.Super. 2012)).

■ The statute governing the merger of sentences provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S §§ 3121(c), 3123(b), 6318(a)(6), 3126(a)(7), and 6301(a)(1)(ii), respectively.

2. The trial court ordered that the prison terms for the IDSI with a child and the rape of a child convictions run consecutively, and ordered that the probation sentences run consecutive to the confinement but concurrent to each other.

42 Pa.C.S. § 9765. The statute "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830, 833 (2009).[3]

The Commonwealth concedes that the crimes arose from one criminal act of oral sex on March 1, 2011, Cmwlth.'s Br. at 11, and the information charged Brown with rape of child and IDSI with child based on one act of oral sex. Therefore, pursuant to section 9765, we must determine whether "all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765.

Before the passage of section 9765, this Court held that, where a defendant is convicted of rape and IDSI, "imposing two sentences for one act of penile penetration is illegal under the double jeopardy clause of the United States Constitution." *Commonwealth v. Lee*, 432 Pa.Super. 414, 638 A.2d 1006, 1010 (1994). The Court in *Lee* analyzed the rape and IDSI statutes, including the definitions of "sexual intercourse" and "deviate sexual intercourse," and found they were identical where the underlying act was oral or anal sex. The Court stated:

> Reading the definitions of "sexual intercourse" and "deviate sexual intercourse" together, it is abundantly clear that, as between non-married persons,[4] any act of forcible oral or anal sex is

---

3. Brown maintains that the failure to merge the crimes for sentencing purposes violated the Double Jeopardy Clause of the United States Constitution. In 2002, the Pennsylvania legislature enacted section 9765 of the Sentencing Code, which became effective on February 7, 2003. Section 9765 governs when crimes will merge for sentencing purposes, and codified the merger test developed in the prior Double Jeopardy case law. *See Commonwealth v. Wade*, 33 A.3d 108, 120 (Pa.Super. 2011). Further, in *Baldwin*, the Pennsylvania Supreme Court concluded that the merger test contained in section 9762 did not violate the Double Jeopardy clause, reasoning:

> [W]e reject Appellant's claim that the legislature's decision to impose an elements test for merger of sentences violates double jeopardy protections. Indeed, the Court has explained: "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments...." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). *See also Missouri v. Hunter*, 459 U.S. at [359] 366, 103 S.Ct. 673[, 74 L.Ed.2d 535 (1983)] ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than

the legislature intended."). This analysis reflects the legislature's duty to criminalize each type of conduct it determines is injurious to the state.

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

985 A.2d at 836–37. Accordingly, we apply section 9765 to determine whether Brown's crimes merge for sentencing purposes.

4. In 1994, when the *Lee* was decided, rape was defined as:

> A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:
> (1) by forcible compulsion;
> (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
> (3) who is unconscious,
> (4) who is so mentally deranged or deficient that such person is unable to give consent. Whenever the term "rape" is used in this title or any other title, it is deemed to include spousal sexual assault as further defined in section 3128 (relating to spousal sexual assault).

proscribed by both the rape and IDSI statutes. In fact, there are only two differences between rape and IDSI: (1) rape proscribes non-consensual sexual intercourse in "its ordinary meaning" (vaginal intercourse) or "traditional rape," and (2) IDSI proscribes deviate sexual intercourse with any person under sixteen. Otherwise, the statutes are identical.

638 A.2d at 1010.

Similarly, we conclude that the offenses of rape of a child and IDSI with a child are identical where the sexual act at issue is oral sex. A person commits rape of a child "when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). A person commits IDSI with a child "when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b). Further, the Sexual Offense Chapter of the Crimes Code includes the following definitions:

> **"Deviate sexual intercourse."** Sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.
>
> . . .
>
> **"Sexual intercourse."** In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required.

18 Pa.C.S. § 3101.[5] Accordingly, both statutes prohibit intercourse per os or per anus with a child less than 13 years of age. We conclude that the statutory elements of rape of a child and IDSI with a child, where the underlying act is oral sex, are the same.

Accordingly, because the statutory elements for rape of a child and IDSI with a child are the same, and because the criminal act underlying the convictions for each offense is the same, the convictions for rape of a child and IDSI with a child merge for sentencing purposes. Therefore, the trial court erred when it imposed separate sentences for the rape of a child and IDSI with a child convictions.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

18 Pa.C.S. § 3121(a) (1984). Rape now is defined as:

A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
(1) By forcible compulsion.
(2) By threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.
(3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.
(4) Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.
(5) Who suffers from a mental disability which renders the complainant incapable of consent.
18 Pa.C.S. § 3121(a).

5. The definition of deviate sexual intercourse at the time of this Court's decision in *Lee*, since amended, stated that "[d]eviate sexual intercourse is 'sexual intercourse per os or per anus between human beings who are not husband and wife, and any form of sexual intercourse with an animal.'" *Commonwealth v. Lee*, 638 A.2d at 1010 (quoting 18 Pa.C.S. § 3101).