J-S05028-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTRON TALLEY | : | |
| | : | |
| Appellant | : | No. 1030 WDA 2017 |

Appeal from the Judgment of Sentence May 24, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001397-2014

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                                    FILED JULY 09, 2018

Antron Talley appeals from the judgment of sentence entered May 24, 2017, in the Allegheny County Court of Common Pleas, after a jury convicted him of assault by prisoner, aggravated assault (attempting to cause or intentionally, knowingly, or recklessly causing serious bodily injury to a correctional officer), aggravated assault (attempting to cause or intentionally or knowingly causing bodily injury to a correctional officer), and simple assault.[1]   The trial court imposed an aggregate term of eight to 16 years' imprisonment.  On appeal, Talley contends his sentence is illegal based on the merger doctrine.  Based on the following, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 2703(a), 2702(a)(2), 2702(a)(3), and 2701(a)(1), respectively.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. See Trial Court Opinion, 9/20/2017, at 1-8. Therefore, we need not restate them herein. Nevertheless, we briefly note that, on December 19, 2013, Talley, an inmate at the Allegheny County Jail, physically assaulted the victim, Jason Arlotta, while Arlotta was engaged in his duties as a correctional officer. See id. at 4.

On April 18, 2017, Talley was convicted of the above enumerated offenses. On May 24, 2017, Talley was sentenced as follows: (1) on Count 1, assault by prisoner, he was sentenced to a term of two to four years' confinement, followed by six years of probation; and (2) on Count 2, aggravated assault (attempting to cause or intentionally, knowingly, or recklessly causing serious bodily injury to a correctional officer), he was sentenced to a consecutive term six to twelve years' incarceration, followed by eight years of probation.[2] On May 26, 2017, Talley filed a post-sentence motion, which the trial court denied on July 13, 2017. The next day, Talley filed this appeal.[3]

Talley now raises one issue for our review:

_____

[2] Talley's two probation sentences are to be served concurrently with each other. Talley received no further penalty on the remaining two counts.

[3] That same day, the trial court ordered Talley to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following an extension of time, Talley filed a concise statement on August 17, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 20, 2017.

Did the [trial] court err and/or abuse its discretion when sentencing Mr. Talley to consecutive terms on Counts 1 and 2 of the information, as both crimes arise from one criminal act and all elements of one offense are included in the second offense, requiring merger of the charges for sentencing purposes?

Talley's Brief at 7. Specifically, Talley argues his sentences for assault by prisoner and aggravated assault (attempting to cause or intentionally, knowingly, or recklessly causing serious bodily injury to a correctional officer) should merge for sentencing purposes. Id. at 15-21.

"When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Seskey, 170 A.3d 1105, 1107 (Pa. Super. 2017).

Merger of sentences is controlled by 42 Pa. C.S. § 9765:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa. C.S. § 9765. "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." Commonwealth v. Kimmel, 125 A.3d 1272, 1276 (Pa. Super. 2015) (en banc) (citation omitted).

As noted above, Talley was convicted and sentenced of assault by prisoner and aggravated assault. Assault by prisoner is defined in 18 Pa.C.S. § 2703(a):

A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury. A person is guilty of this offense if he intentionally or knowingly causes another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material when, at the time of the offense, the person knew, had reason to know, should have known or believed such fluid or material to have been obtained from an individual, including the person charged under this section, infected by a communicable disease, including, but not limited to, human immunodeficiency virus (HIV) or hepatitis B.

Aggravated assault of a correctional officer is defined pursuant to 18 Pa.C.S. § 2702(a)(2):

A person is guilty of aggravated assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty[.]

18 Pa.C.S. § 2702(a)(2).[4] Additionally, 18 Pa.C.S. § 2301 provides the following definitions of phrases pertinent to Sections 2702 and 2703:

_____

[4] Moreover, we note Subsection 3702(c)(9) states, in relevant part:

The officers, agents, employees and other persons referred to in subsection (a) shall be as follows: . . .

(9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility

- 4 -

"Bodily injury." Impairment of physical condition or substantial pain.

"Deadly weapon." Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

"Serious bodily injury." Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S. § 2301.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Beth A. Lazzara, we conclude that Talley's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of this question:

While the two offenses arose from the same criminal act, the offenses were not subject to merger at sentencing because all of the statutory elements of Assault by Prisoner offense are not included within the statutory elements of Aggravated Assault, or vice versa. See 42 Pa. C.S. §9765. To be sure, the crime of Assault by a Prisoner under §2703(a) requires the defendant to be a prisoner, but Aggravated Assault — attempting to cause/causing serious bodily injury to an enumerated person under §2702(a)(2), does not require the defendant to be a prisoner. The Assault by a Prisoner statute also does not require that the assault be committed upon an enumerated person; for example, the offense can be established if the assault is committed upon another inmate. On the other hand, Aggravated

_____

to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

Id. § 2702(c)(9).

- 5 -

Assault under §2702(a)(2), requires that the assault be committed or attempted on an enumerated person. Thus, the Assault by a Prisoner statute focuses on the [d]efendant's status as a prisoner, while Aggravated Assault under §2702(a)(2) focuses on the victim's status as an "enumerated person" under §2702(a)(2) and §2702(c). Moreover, Aggravated Assault under §2702(a)(2) can be established with a mere attempt, while Assault by a Prisoner requires a defendant to actually commit the assault.

Although [Talley] cites the recent case of Commonwealth v. Shawn Brown, 159 A.3d 531 (Pa. Super. 2017),[5] in support of his merger argument, nothing about that case, or its holding, alters the conclusion that Assault by a Prisoner under §2703 and Aggravated Assault under §2702(a)(2) do not merge at sentencing. Indeed, the Brown case simply held that the offenses of Rape of a Child (18 Pa. C.S.A. §3121(c)) and Involuntary Deviate Sexual Intercourse with a Child (18 Pa. C.S.A. §3123(b)), merged for sentencing purpose when they are based on one underlying act of oral sex. Brown, supra, at 533-34. In reaching this conclusion, the Superior Court still analyzed the offenses pursuant to the merger statute set forth in 42 Pa.C.S.A. §9765. Id. at 532-33.

Accordingly, because all of the statutory elements of Assault by a Prisoner are not included within the statutory elements of Aggravated Assault under §2702(a)(2), the offenses were not subject to merger for purposes of sentencing, and the Defendant's challenge to the legality of his sentence is without merit.

_____

5 Talley cites to this same case in his appellate brief. See Talley's Brief at 24.

Trial Court Opinion, 9/20/2017, at 24-26 (some internal quotation marks omitted).[6] Accordingly, with respect to Talley's sole issue on appeal, we affirm this issue on the basis of the trial court's opinion.[7]

Judgment of sentence affirmed.

Judge Strassburger joins the memorandum.

Judge Olson concurs in the result.

_____

[6] In his statement of questions presented, Talley asked whether the trial court "abuse[d] its discretion" with respect to his sentencing. Talley's Brief at 7. At the beginning of his argument and in his conclusion, Talley repeats this phrase. Id. at 15, 23. However, except for these passing references, Talley presents no argument that the trial court abused its discretion when imposing his sentence, and his argument is limited to the legality of his sentence. See generally id. The Pennsylvania Supreme Court has stated:

> where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of this Court, even in a capital case, to formulate [a]ppellant's arguments for him.

Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009), cert. denied, 562 U.S. 906 (2010). As Talley fails to cite any applicable law in support of his contention or to develop any additional argument, any challenge to the discretionary aspects of his sentence does not merit relief. Assuming Talley had presented a developed argument that the trial court abused its discretion in imposing sentence, his claim would still collapse because he did not properly preserve this challenge by failing to include a concise statement of the reasons relied upon for allowance of appeal in his brief. See Pa.R.A.P. 2119(f); Commonwealth v. Sauers, 159 A.3d 1, 15–16 (Pa. Super.), appeal denied, 170 A.3d 1057 (Pa. 2017).

[7] Although Talley raised additional claims regarding his Pa.R.Crim.P. 600 motion and motion to amend information, he has abandoned these issues by failing to raise them in his appellate brief. See Johnson, supra.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2018