J-S24009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GIOVANNI REID | : | |
| | : | |
| Appellant | : | No. 1702 EDA 2017 |

Appeal from the Judgment of Sentence April 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0933203-1991

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 24, 2019**

Giovanni Reid appeals, *pro se*, from his judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after he was resentenced pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).[1]  Upon review, we affirm.

In 1991, Reid and others robbed a man in South Philadelphia.  During the course of the robbery, one of Reid's co-conspirators shot and killed the man.  At the time of the offense, Reid was 16 years, 8 months old.  On January

_____

[1] In **Miller**, the Supreme Court recognized a constitutional right for individuals under the age of 18, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465.  In **Montgomery**, the Court made its holding in **Miller** retroactive.

_____

*   Former Justice specially assigned to the Superior Court.

27, 1993, Reid was convicted of second-degree murder, conspiracy, and robbery, and on June 23, 1993, he was sentenced to life imprisonment without the possibility of parole.[2] This Court affirmed Reid's judgment of sentence, and Reid did not seek allowance of appeal from our Supreme Court. Unsuccessful post-conviction proceedings in both state and federal court followed, which are not relevant to this appeal.

On March 11, 2016, Reid filed the instant PCRA petition, in which he sought resentencing pursuant to *Miller* and *Montgomery*. Following negotiations with the Commonwealth, Reid agreed to accept the Commonwealth's recommended sentence of 25 years' to life imprisonment. The trial court imposed sentence in accordance with that agreement on April 20, 2017.

On May 15, 2017, Reid filed a timely *pro se* notice of appeal and motion to proceed *in forma pauperis*. Thereafter, Reid's counsel of record filed a motion to withdraw as counsel. By order dated July 10, 2017, this Court directed the trial court to conduct a *Grazier*[3] hearing to determine whether Reid desired to proceed *pro se* and, if so, whether his decision was knowing, intelligent and voluntary. The trial court held a *Grazier* hearing on August 3, 2017, after which it determined that Reid "understood his right to counsel and voluntarily, knowingly, and intelligently waived [that] right." Trial Court

---

[2] Reid also received concurrent sentences of 10 to 20 years' incarceration for robbery and 5 to 10 years' incarceration for conspiracy.

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Opinion, 10/6/17, at 4. Thereafter, Reid filed a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Reid raises the following issues for our review:

1. Is the imposition of a maximum sentence of life for second [-]degree murder unconstitutional for a juvenile pursuant to the United States Constitution and the like provisions under the Pennsylvania Constitution?

2. Does the Commonwealth's record admissions and the adoption of a non-liability statement render [Reid's] maximum life sentence unconstitutional?

Brief of Appellant, at 4.

Reid first claims that his mandatory maximum sentence of life imprisonment is illegal under **Miller**.[4] When reviewing challenges to the

_____

[4] We note that Reid presents scant original argument on this claim, instead opting to incorporate into his brief, by reference, arguments put forth by the Commonwealth in its Appellee's brief in another matter. **See Commonwealth v. Ligon**, -- A.3d --, 2019 PA Super 96 (Pa. Super. 2019). Our Supreme Court has held that such "incorporation by reference" is an unacceptable manner of appellate advocacy. **See Commonwealth v. Edmiston**, 634 A.2d 1078, 1092 n. 3 (Pa. 1993) (specifying that all claims a litigant desires court to consider are required to be set forth in appellate brief and not just incorporated by reference). Rather, the Rules of Appellate Procedure specifically require a party to set forth in his brief "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited," Pa.R.A.P. 2119(a), (b), and do not allow incorporation by reference of arguments contained in briefs filed in other matters as a substitute for the proper presentation of arguments in the body of the appellate brief. **Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011). To the extent that an appellant fails to develop his arguments in accordance with the rules and instead attempts to incorporate another party's argument by reference, we may deem his claim waived. **See id.** Accordingly, we will only consider the arguments actually set forth in the body of Reid's appellate brief.

legality of a sentence, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Brown***, 159 A.3d 531, 532 (Pa. Super. 2017).

Reid argues that, because the imposition of a mandatory maximum sentence of life imprisonment does not allow for individualized sentences that consider all the relevant sentencing factors, his maximum sentence is unconstitutional pursuant to ***Miller***. The Commonwealth agrees with Reid's assertion.[5] However, this Court, in ***Ligon***, ***supra***, rejected an argument identical to Reid's. Observing that ***Miller*** "did not hold that life sentences without parole eligibility are unconstitutional, or that juvenile murderers must be released at some point regardless of their fitness to rejoin society," the ***Ligon*** Court concluded that "a sentence with a term of years minimum and a maximum sentence of life does not violate ***Miller***'s individualized sentencing requirement[.]" ***Ligon***, ***supra*** at *3. Because we are bound by that precedent, Reid is entitled to no relief.

Reid's second and final claim is that his maximum sentence is illegal because the facts relied upon by the Commonwealth during his resentencing

---

[5] In its brief, the Commonwealth acknowledges that our Court "has repeatedly held that sentencing a juvenile defendant convicted of first- or second-degree murder to a maximum term of life imprisonment is fully consistent with the law." Brief of Appellee, at 8. For that reason, the Commonwealth does not argue that Reid should be resentenced on the basis that his sentence is unconstitutional. Nevertheless, because the Commonwealth takes the position that a mandatory maximum sentence of life imprisonment is, in fact, unconstitutional, it presents its argument in support therof to "preserve it for further review." ***Id.*** at 9.

hearing did not provide "an accurate description of the evidence as far as [Reid's] involvement [in the murder] is concerned." Brief of Appellant, at 10. Reid argues that the evidence demonstrates that the victim's death "did not occur in the course of, or in furtherance of[,] the underlying felony[,] i.e., robbery." *Id.* at 12. Accordingly, because he believes his conviction for second-degree murder is infirm, Reid asserts that his sentence is unconstitutional under **Graham v. Florida**, 560 U.S. 48 (2010), in which the United States Supreme Court held that the Eighth Amendment prohibits imposition of life without parole sentences on juvenile offenders who did not commit homicide. This claim is meritless.

Although Reid frames his claim as a challenge to the legality of his sentence, the substance of his argument actually constitutes a challenge to his underlying conviction of second-degree murder. However, Reid's relief under the PCRA was limited to resentencing pursuant to **Miller**, and did not involve the grant of a new trial. Accordingly, because he cannot challenge his underlying conviction in these proceedings, he is not entitled to relief under **Graham**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/19