J-S28032-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee                    :
                                      :
          v.                          :
                                      :
ANDY IRIZARRY,                        :
                                      :
          Appellant                   :    No. 228 MDA 2019

Appeal from the Judgment of Sentence Entered May 9, 2018
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003091-2017

BEFORE:    BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 06, 2019**

Andy Irizarry (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following his convictions for arson and criminal conspiracy. Upon review, we affirm.

On December 10, 2016, police were dispatched to 444 South Prince Street in Lancaster City for a burglar alarm. Upon arrival, Officer March Gehron of the Lancaster City Bureau of Police observed "smoke billowing from the windows and doors of a building occupied by Doctor Tire. [Officer] Gehron also saw flames inside the building." Trial Court Opinion, 10/11/2018 at 6 (citation omitted). Eventually, Sergeant Dustin Shireman, a fire marshal with the Pennsylvania State Police, arrived at the scene to investigate. Upon his arrival, Sergeant Shireman

_____

*Retired Senior Judge assigned to the Superior Court.

determined that a set of windows was broken before the fire was started, the origin of the fire was inside the building under the windows, several burnt rags and a clear bottle were found at that location, and there was an odor of gasoline. [Sergeant] Shireman collected the rags and bottle, securing them in a metal container. Later analysis by Albert Lattanzi, PSP forensic scientist, determined the presence of gasoline on the submitted items. According to [Sergeant] Shireman, the cause of the fire was an intentionally set arson, where gasoline was used to fuel an open flame on the rags.

*Id.* (citations omitted).

Through further investigation, police were able to compile a series of surveillance videos that captured the arson on video.

These videos showed a Lexus parked behind a car wash across the street from Doctor Tire and the beginning of the arson. When he pieced the videos together, [Detective Adam] Dommel determined he had the entire incident on video except for a seven-minute period of time when the suspect vehicle left the area and then returned to the scene.

*Id.* at 7 (citations omitted). Detective Dommel was able to fill in the seven-minute gap by checking surveillance video from

nearby Turkey Hill gas station, which was located approximately nine city blocks from Doctor Tire. Upon checking Turkey Hill video during the seven-minute gap, the suspect Lexus vehicle was shown parked in front of Pump 3. A male in a black sweatshirt, black baseball hat, and cash in his hand was seen inside the store pointing to a pump outside. That male then left the store, walked over to the parked Lexus, retrieved a gas can from the back hatch, returned with an item, placed it back into the hatch, and entered the right rear passenger side door. The vehicle then left the parking lot at 11:16 p.m., or a few minutes later because [Dectective] Dommel believed the Turkey Hill video was running slow.

The seven-minute gap ended at approximately 11:22 p.m., when the suspect vehicle[, occupied by four individuals,] is seen returning to the area and parking in a lot behind the laundromat.

- 2 -

The right rear passenger got out of the vehicle, and two persons were seen walking to the rear of Doctor Tire where the fire was set. Flashing light was then visible, which appeared to be something burning, and two people headed back to the suspect vehicle from the rear of Doctor Tire. As they were doing so, the two subjects crossed in front of a vehicle that had just turned from Prince Street onto Hazel Street, which [Detective] Dommel believed was being driven by [a passing motorist]. The suspect vehicle then left the scene.

* * *

Luis Martinez [] testified that he was the sales manager at Doctor Tire since its inception five years ago. On December 10, 2016, Martinez closed the business [for the day]. Martinez then returned to the store as a result of the fire, at which time he provided police with video from the surveillance system. According to Martinez, the video showed moving bodies, but he could not make out any faces. The business is no longer in existence as a result of the fire.

Martinez was good friends with Appellant, having known him since the [1990s]. Several weeks before the fire, Martinez saw Appellant at the store asking for tires. Appellant then threatened another customer, at which time Martinez told Appellant he would have to leave. Appellant cursed at Martinez for not having his back, before apologizing to Martinez and leaving. Police showed Martinez the video that had been obtained from the Turkey Hill store, and Martinez immediately recognized Appellant as the person in the video. In fact, Appellant was wearing the same hoodie and hat in the video that he was wearing when he was at Doctor Tire.

*Id.* at 8-9 (citations and footnotes omitted).

Based on the foregoing, Appellant was charged with arson and criminal conspiracy. Eventually, Appellant proceeded to a jury trial. Following trial, Appellant was convicted of both crimes, and on May 9, 2018, the trial court sentenced Appellant to 27 months to 10 years' incarceration on each count and ordered the sentences to run consecutively to one another. Appellant

- 3 -

timely filed a post-sentence motion to modify sentence, which the trial court denied. Post-Sentence Motion, 5/16/2018. This appeal followed.[1,2]

On appeal, Appellant sets forth the following issue for our review: "Was it an abuse of discretion to refuse to merge the sentences for [a]rson and [c]onspiracy where both crimes arose from a single act?" Appellant's Brief at 5 (suggested answer omitted). Although presented as a single claim, on appeal, it appears to this Court that Appellant is attempting to raise a hybrid challenge to the legality and the discretionary aspects of his sentence. *Id.* at 10. Specifically, Appellant contends (1) his arson and conspiracy convictions should have merged for sentencing purposes, and (2) running the sentences consecutively to one another was an abuse of discretion. *Id.* (Appellant's "aggregate sentence of 4½ to 20 years resulted from two sentences being improperly run consecutive to one another; both convictions were based upon the exact same criminal act/episode, and should have been merged. The record demonstrates that the consecutive sentence was imposed by the [trial c]ourt because [Appellant] continued to

---

[1] On August 23, 2018, after denial of his post-sentences motions, Appellant timely filed a notice of appeal. However, on October 22, 2018, this Court issued an order dismissing Appellant's appeal for failure to file a docketing statement pursuant to Pa.R.A.P. 3517. On January 23, 2019, Appellant filed a petition to appeal *nunc pro tunc*, which the trial court granted. Order, 1/28/2019.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

assert that he was factually innocent of the arson charge[.] … The aggregate sentence was therefore manifestly excessive, and thus unjust.").

We address first Appellant's challenge to the discretionary aspects of his sentence. Before we reach the merits of this issue, we consider whether Appellant has preserved this issue for appeal. "Where the trial court orders an Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925, any issue not contained in that statement is waived on appeal." **Commonwealth v. Rolan**, 964 A.2d 398, 409 (Pa. Super. 2008) (internal quotation marks and citations omitted).

In this case, Appellant's concise statement of errors complained of on appeal sets forth the following two issues:

> 1. Whether the evidence presented by the Commonwealth was sufficient to support the [trial c]ourt's finding of guilt for each offense; where the Commonwealth's evidence could not have proved each and every element of each offense beyond a reasonable doubt.[3]
>
> 2. Whether the trial court erred by not merging the offenses, [a]rson and [c]onspiracy, for sentencing purposes, where the crimes arise from a single act.

Concise Statement, 2/12/2019. It is clear that Appellant preserved properly his merger claim. However, Appellant did not set forth any issue that encompasses a challenge to the trial court's exercise of discretion in

---

[3] Appellant abandoned his sufficiency claim on appeal. **See** Appellant's Brief at 5, n.1 ("Having had the opportunity to review the trial transcript and [the trial court's 1925(a) s]tatement, the undersigned counsel has elected to remove from this [b]rief the question regarding sufficiency of proof presented at trial for conviction of [a]rson.").

imposing consecutive sentences. As noted *supra*, a claim that crimes should merge for sentencing purposes, implicating the legality of a petitioner's sentence, is distinct from an issue challenging the court's discretion in fashioning a petitioner's sentence.

Because Appellant failed to include a challenge to the discretionary aspects of his sentence in his concise statement, we hold that he has waived this issue. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

We now address Appellant's merger claim. A claim that two crimes should have merged for sentencing purposes implicates the legality of the sentence. ***Commonwealth v. Brown***, 159 A.3d 531, 532 (Pa. Super. 2017). Our standard of review for a challenge to the legality of a sentence is *de novo*, and our scope of review is plenary. ***Id.***

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

"The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833

- 6 -

(Pa. 2009). Appellant argues that the crimes of arson and criminal conspiracy to commit arson should have been merged for sentencing purposes because the elements of arson are all included in the statutory elements of criminal conspiracy, although for the purposes of this appeal, Appellant focuses on the latter argument. Appellant's Brief at 17-18.

Notably, "[i]t has long been the law of this Commonwealth that the crime of criminal conspiracy does not merge with the completed offense which was the object of the conspiracy. That is, the law has always considered criminal conspiracy and the completed substantive offense to be separate crimes."[4] ***Commonwealth v. Miller***, 364 A.2d 886, 886-87 (Pa. 1976) (citations omitted). ***See also Commonwealth v. Chambers***, 188 A.3d 400, 410 ("Once the conspiracy is established beyond a reasonable doubt, a conspirator can be convicted of both the conspiracy and the substantive offense that served as the illicit objective of the conspiracy.").

Appellant concedes as much. ***See*** Appellant's Brief at 18-19 ("As a general rule in the Commonwealth, the crimes of conspiracy and the completed underlying offenses do not merge."). Nevertheless, Appellant argues that his convictions should have merged because

---

[4] Additionally, "[o]ur Supreme Court has held that the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." ***Commonwealth v. Thomas***, 879 A.2d 246, 263 (Pa. Super. 2005) (internal quotation marks omitted).

the arson subsection used to charge [Appellant, 18 Pa.C.S.] §3301(c), permitted conviction for simply "counseling" another to cause a fire. This subsection of arson and the conspiracy/arson charge seems to present a different situation than most convictions for a substantive offense and conspiracy add-on charge. [S]ubsection [§3301(c)] is arguably an exact replica of the conspiracy charge. That is, both sections are expressly written by the legislature to punish the meeting of minds between two or more individuals when the topic involves an arson.

*Id.* at 19 (unnecessary capitalization omitted). The following statutes govern arson and criminal conspiracy.

A person commits [arson endangering property,] a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if: (1) he commits the act with intent of destroying or damaging a building or unoccupied structure of another.

18 Pa.C.S. § 3301(c)(1).

A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.

Upon review, we find Appellant's merger argument without merit. First, our case law has set forth firmly, without equivocation, that "a conspiracy conviction does not merge for sentencing purposes with a completed offense which was the objective of the conspiracy."

*Commonwealth v. Yates*, 562 A.2d 908, 910 (Pa. Super. 1989).[5] Moreover, we find the arson statute, which allows for a conviction upon the finding that an individual "counselled" another, to be distinguishable from the crime of criminal conspiracy, which requires a finding that one agreed with another to commit a crime. Specifically, unlike counselling, which is defined as providing "[a]dvice or assistance; opinion given as the result of consultation[,]" Black's Law Dictionary (10th ed. 2014), "[a]t the heart of every conspiracy lies the **common understanding or agreement** between the actors. Implicit in any conspiracy is proof ... that an accused **agrees to participate in the alleged criminal activity**." *Commonwealth v. Chambers*, 188 A.3d 400, 410 (Pa. 2018) (quotation marks and citation omitted; emphasis added). Thus, all of the elements of criminal conspiracy are not encompassed in the crime of arson. Accordingly, in line with our long-standing precedent, we find that the crimes of arson and conspiracy do not merge. Thus, Appellant's legality-of-the-sentence claim fails.

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that Appellant's issues warrant relief from this Court.

---

[5] Notably, Appellant did not cite any case law to support his novel argument. *See* Appellant's Brief at 19 ("The undersigned was not able to find a case involving this exact situation.").

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2019