J-A30009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| HOWARD WILLIAM DEWEESE | : : | No. 1811 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 29, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003531-2010

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 28, 2020**

The Commonwealth appeals from the Judgment of Sentence imposed on remand.   The Commonwealth challenges the trial court's failure to impose restitution as mandated by 43 P.S. § 1314.  After careful review, we reverse and remand for a determination of restitution.

This Court previously set forth the underlying facts of this case in Appellee's direct appeal. *See Commonwealth v. Deweese*, No. 1528 MDA 2012 (Pa. Super. filed Aug. 16, 2013) (detailing factual and procedural history pertaining to Appellant's criminal conviction for misappropriation of taxpayer resources during his tenure as a state representative in the Pennsylvania General Assembly), *appeal denied*, 81 A.3d 75 (Pa. 2013).  Relevant to this appeal, we note the following.

---

[*] Retired Senior Judge assigned to the Superior Court.

After his Judgment of Sentence became final, Appellee filed a timely Petition pursuant to the Post-Conviction Relief Act challenging, *inter alia*, the imposition of restitution. The trial court denied relief; on appeal, this Court vacated the Judgment of Sentence and remanded for resentencing after concluding that the restitution ordered pursuant to 18 Pa.C.S. § 1106 could not stand in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Veon***, 150 A.3d 435 (Pa. 2016). ***See Commonwealth v. Deweese***, No. 1998 MDA 2016 (Pa. Super. filed May 8, 2017), *appeal dismissed as improvidently granted*, 186 A.3d 375 (Pa. 2018).

On remand for re-sentencing, the Commonwealth submitted a memorandum requesting for the first time that the court order restitution pursuant to the Section 1314 of the Public Employee Pension Forfeiture Act, 43 P.S. §§ 1311-1314. The trial court imposed the same sentence of incarceration, but ordered that Appellant did not have to pay restitution. The Commonwealth thereafter filed a Motion for Modification of Sentence, which the court denied. ***See*** Opinion and Order, dated Oct. 3, 2018, at 1-3 (reading 43 P.S. §§ 1313 and 1314 *in pari materia* to conclude that "to order restitution to the Commonwealth in addition to the forfeiture of pension benefits . . . would lead to an absurd and unreasonable result.").

The Commonwealth appealed and filed a Pa.R.A.P. 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion.

The Commonwealth raises the following issues for our review:

1. Whether the sentencing court ordered an illegal sentence by not imposing restitution because DeWeese committed theft crimes related to his public employment when he was a state representative, which required the sentencing court to impose restitution pursuant to 43 P.S. § 1314(a)?

2. Whether the sentencing court erred by denying the Commonwealth's petition pursuant to 43 P.S. § 1314(b) because the sentencing court was required to impose restitution pursuant to 43 P.S. § 1314(a)?

3. Whether the sentencing court erred by not imposing restitution because DeWeese's pension contributions and any pension disbursements made to him shall be used to pay restitution pursuant to 43 P.S. § 1314(c)-(d), and not be a basis to decline imposing any restitution?

4. Whether the sentencing court erred and/or abused its discretion by not imposing restitution because DeWeese's ineligibility to collect his pension, if he made a claim against his pension, is a civil consequence and not a relevant sentencing factor to rely on to not impose restitution?

5. Whether the sentencing court erred and/or abused its discretion because it should have imposed restitution as a condition of probation, particularly after DeWeese refused to accept responsibility for his crimes, revealing the need for continued rehabilitation?

6. Whether the sentencing court erred and/or abused its discretion by not imposing any restitution because DeWeese could have been ordered to pay triple the $116,668.52 required restitution pursuant to 65 Pa.C.S. § 1109(c)?

7. Whether the sentencing court erred and/or abused its discretion by not imposing restitution where it did not identify compelling reasons to decline to follow the imposition of restitution in *Commonwealth v. Perzel*, CP-22-CR-2589-2010, a strikingly similar case as the instant case?

8. Whether the sentencing court erred and/or abused its discretion because the failure to impose restitution established the sentencing court did not adequately address the seriousness of DeWeese's public corruption crimes, namely where DeWeese stole

- 3 -

over $100,000 from the Commonwealth and breached the public trust in elected officials?

9. Whether the sentencing court erred and/or abused its discretion because the failure to impose restitution established the sentencing court did not adequately address the protection of the public, namely where DeWeese's crimes breached the public trust and similar crimes are capable of being committed by other public officials?

10. Whether the sentencing court erred and/or abused its discretion because even if DeWeese's potential pension loss was a relevant consideration, the sentencing court's decision to not impose restitution since DeWeese cannot collect his pension would lead to absurd results, namely a government employee eligible to receive a future pension could steal public funds up to his or her potential total pension amount and no restitution could be awarded to the government?

Appellant's Brief at 4-5.

The Commonwealth's first three claims assert that the court imposed an illegal sentence by failing to order restitution as required by 43 P.S. § 1314. When reviewing the legality of a sentence, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Brown**, 159 A.3d 531, 532 (Pa. Super. 2017) (citation omitted).

The Commonwealth argues that the plain language of Section 1314 mandates that the sentencing court order restitution. It contends that Appellee's "forfeiture of his pension does not change the mandatory nature of his restitution and does not exempt him from having to pay restitution." Appellant's Brief at 23. We agree.

Section 1314(a) of the Pension Forfeiture Act provides, in pertinent part, that:

> Whenever any public official ... who is a member of any pension system funded by public moneys ... pleads guilty ... in any court of record to any crime related to a public office or public employment, **the court shall order the defendant to make complete and full restitution to the Commonwealth** ... of any monetary loss incurred as a result of the criminal offense.

43 P.S. § 1314(a) (emphasis added).

"When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." ***Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors***, 923 A.2d 1099, 1104 (Pa. 2007) (citations omitted). The Pennsylvania Supreme Court has "recognized that the term 'shall' is mandatory for purposes of statutory construction when a statute is unambiguous." ***Koken v. Reliance Insurance Company***, 893 A.2d 70, 81 (Pa. 2006) (citations omitted).

Neither party nor the trial court have concluded that the restitution statute at issue is ambiguous. After our review, we conclude that it is unambiguous and that "shall" as used in Section 1314(a) means "mandatory." In addition, subsection (b) allows the Commonwealth to file a petition if the court fails to order such restitution; subsections (c) and (d) provide that a defendant's **contribution** to his pension "shall be available to satisfy such restitution order" and the "appropriate benefits administrator, upon being served with a copy of the court's order, shall pay over all such pension benefits, contributions or other benefits to the extent necessary to satisfy the order of restitution." 43 P.S. § 1314 (b), (c) and (d). Each subsection supports the conclusion that the court is mandated to order restitution.

Nothing in Section 1314 recognizes that pension benefit "forfeiture" is the equivalent of court-ordered restitution.[1]

Accordingly, the trial court's failure on remand to impose restitution in accordance with 43 P.S. § 1314 renders Appellee's sentence illegal. We, thus, remand for resentencing in accordance with this Memorandum.[2]

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Nichols joins the memorandum.

Judge Colins files a dissenting memorandum.

_____

[1] The Dissent misinterprets the disposition set forth in the Majority Opinion. The Dissent makes the unfounded statement that the Majority holds that "Appellee must pay restitution to the Commonwealth, in the amount of $116,688.52, in addition to the forfeiture of pension emoluments totaling well over 3 million dollars."

The Majority Opinion did not make that holding. Rather, the Majority Opinion merely vacates the sentence because the language of the 43 P.S. § 1314 is mandatory and the trial court imposed no restitution. We made no determination of the amount of restitution. We leave it the parties to raise any issues about the amount of restitution and the application of any of the provisions of the Public Employee Pension Forfeiture Act, 43 P.S. §§ 1311-1314.

Finally, I note that the Dissent provides no legal authority for its conclusion that the mandatory language of 43 P.S. § 1314 does not apply to this case.

[2] Because our disposition of Appellant's first three issues is dispositive, we need not address the remaining issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/28/2020