J-S19036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DONALD BRANT COPELAND :
:
Appellant : No. 1185 MDA 2022

Appeal from the Judgment of Sentence Entered March 31, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001896-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: SEPTEMBER 21, 2023**

Donald Brant Copeland ("Copeland") appeals from the judgment of sentence imposed after he pled guilty to involuntary deviate sexual intercourse ("IDSI") with a complainant less than sixteen years of age and IDSI with a child.[1] We affirm.

We summarize the factual and procedural history relevant to Copeland's arguments that the trial court should have merged the above-stated offenses for sentencing. In February 2021, P.M., then twenty-two years old, reported to police in Sugarloaf Township, Luzerne County that Copeland performed oral sex on him on multiple occasions starting when P.M. was ten or eleven years old until P.M. turned seventeen. *See* Affidavit of Probable Cause, 5/11/21, at 1. P.M. detailed numerous incidents of abuse: two of which occurred in Camp Hill, Cumberland County, when P.M. was under thirteen years of age, and six

_____

[1] 18 Pa.C.S.A. § 3123(a)(7), (b).

of which occurred in Cumberland County and Luzerne County after P.M. turned thirteen. *See id*. at 1-2. Detectives obtained an authorization for, and P.M.'s consent to, record a phone call P.M. made to Copeland. *See id*. at 2-3. During the call, P.M. confronted Copeland about the abuse, and Copeland stated that he never wanted to hurt P.M. *See id*. at 3. Sugarloaf Township Police filed a criminal complaint charging Copeland with offenses committed at "various locations in Luzerne [County] and Cumberland County." Criminal Complaint, 5/11/22, at 1 (capitalization omitted).

The District Attorney's Office of Luzerne County ("the Commonwealth") filed an information charging Copeland as follows:

> **COUNT 1: IDSI Person Less Than 16 Yrs Age - (F1)**
> On or about: 01/01/2008 . . .
> through: 06/04/2016
> The Actor, engaged in deviate sexual intercourse with the complainant, namely, P.M., who was less than sixteen (16) years of age and the actor is four (4) or more years older than the complainant, and the complainant and the actor are not married to each other.
>
> **COUNT 2: Invol. Deviate Sexual Intercourse W/Child - (F1)**
> On or about: 01/01/2008 . . .
> through: 06/04/2016
> The Actor engaged in deviate sexual intercourse with another person, namely, P.M., who was less than thirteen (13) years of age.

*See* Information, 8/3/21, at 1 ("August 2021 information"). The August 2021 information did not expressly distinguish the factual bases of the two counts by dates or location and largely incorporated statutory definitions of the offenses, *see* 18 Pa.C.S.A. § 3123(a)(7), (b).

An assistant district attorney signed a "plea agreement form" on August 30, 2021. **See** Plea Agreement Form, filed 11/16/21. Under the heading "preliminary hearing," the form states, "defendant agrees to enter a guilty plea to[,]" then lists the two charged offenses. **See id**. (capitalization omitted).

In October 2021, the Commonwealth filed an amended information, which read:

> **COUNT 1** - IDSI Person Less Than 16 Yrs Age . . .
> The Actor, engaged in deviate sexual intercourse with the complainant, namely, P.M., who was less than sixteen (16) years of age and the actor is four (4) or more years older than the complainant, and the complainant and the actor are not married to each other. To Wit: between 2012 and June 4, 2016 in Luzerne County (Sugarloaf Township and/or Hazleton and/or Wilkes Barre)
>
> **COUNT 2** - Invol. Deviate Sexual Intercourse W/Child . . .
> The Actor engaged in deviate sexual intercourse with another person, namely, P.M., who was less than thirteen (13) years of age. To Wit: between 2008 through June 4, 2011 in Cumberland County.

Amended Information, 10/8/21 ("October 2021 amended information").

Unlike the August 2021 information, the October 2021 amended information distinguished each count by date and location and clarified that each offense related to a separate criminal act. However, the record contains no indication that the trial court allowed the amendment,[2] and neither the parties, nor the

---

[2] **See** Pa.R.Crim.P. 564 (stating, "The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not

*(Footnote Continued Next Page)*

trial court, specifically referred to the October 2021 amended information in subsequent proceedings.

In November 2021, Copeland and his counsel ("plea counsel") signed the plea agreement form. **See** Plea Agreement Form, filed 11/16/21, at 1. They signed in a separate section of the form that contained an acknowledgment that Copeland understood the "affidavit/factual basis for the charges in this case." **See id**. at 1 (capitalization omitted).

Copeland then appeared for a plea hearing at which plea counsel stated that Copeland intended to enter guilty pleas to the two counts. **See** N.T., 11/15/21, at 2. During the colloquy of Copeland, the trial court asked, "By pleading guilty you're now, in fact, telling this [c]ourt that you did commit *these offenses*. Is that true?" **See id**. at 4 (emphasis added).[3] Copeland responded, "Yes." **Id**. The court later asked plea counsel, "[W]ill you stipulate to the facts of this case?" **Id**. at 4-5. Plea counsel responded affirmatively, and when the court asked if the Commonwealth had any objections, the assistant district attorney responded, "None . . .." **Id**. at 5. Copeland acknowledged that he was satisfied with plea counsel's representation, and plea counsel asserted that the pleas were in Copeland's best interest. **See id**. The court accepted Copeland's guilty pleas and deferred sentencing.

_____

so materially different from the original charge that the defendant would be unfairly prejudiced. . . .).

[3] Neither the plea agreement form nor the oral guilty plea colloquy discussed the possibility of consecutive sentences.

On March 31, 2022, the trial court held a sentencing hearing. Copeland stipulated to a finding that he was a sexually violent predator. *See* N.T., 3/31/22, at 2. Plea counsel argued for concurrent sentences. *See id*. at 7. The court sentenced Copeland to four to eight years in prison for IDSI with a complainant less than sixteen years of age and a consecutive six to twelve years in prison, with a concurrent three years of probation, for IDSI with a child. *See id*. at 8.

New counsel entered an appearance for Copeland and filed a post-sentence motion requesting a new sentencing hearing to present evidence concerning mitigating factors.[4] *See* Motion for Reconsideration, 4/11/22, at 2-4. The trial court denied the post-sentence relief, and Copeland timely appealed. After receiving an extension of time, Copeland complied with the trial court's order for a Pa.R.A.P. 1925(b) statement and for the first time asserted that the trial court imposed an illegal sentence by failing to merge the counts of IDSI with a complainant less than sixteen years of age and IDSI with a child.[5] The trial court filed a responsive opinion concluding, in part,

_____

[4] New counsel filed his post-sentence motion on Monday, April 11, 2022. The tenth day after sentencing on March 31, 2022, fell on a Sunday, therefore, the post-sentence motion filed on the following business day, was timely filed. *See* 1 Pa.C.S.A. § 1908. Copeland also filed a supplemental post-sentence motion asserting that he may have previously undiagnosed and untreated mental health issues. *See* Supplemental Motion for Reconsideration, 7/14/22, at 1-2.

[5] Copeland's Rule 1925(b) statement also raised a challenge to the discretionary aspects of his sentence, but Copeland has abandoned that issue on appeal.

that the offenses arose out of separate criminal acts as described in the affidavit of probable cause and the October 2021 amended information. **See** Trial Court Opinion, 10/24/22, at 2-3.

Copeland raises the following issue for review:

Whether Mr. Copeland's sentences for 18 Pa.C.S.[A.] § 3123(a)(7) and 18 Pa.C.S.[A.] § 3123(b) should have merged since the charges have all of the same basic elements and the factual basis placed on the record during the guilty plea hearing did not provide that the offenses were based upon separate criminal acts?

Copeland's Brief at 4.

Our standard of review of a sentencing merger claim is *de novo*, and our scope of review is plenary. **See Commonwealth v. Brown**, 159 A.3d 531, 532 (Pa. Super. 2017). Sentencing merger implicates the legality of a sentence. **See Commonwealth v. Knupp**, 290 A.3d 759, 777 (Pa. Super. 2023). Questions concerning the legality of a sentence are not waivable even if the defendant failed to raise the issue in the trial court. **See Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).

A court must merge sentences when: (1) the offenses arise from a single criminal act and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other. **See Brown**, 159 A.3d at 533; **see also** 42 Pa.C.S.A. § 9765. When considering whether offenses arise from a single criminal act, this Court may refer to the description of the defendant's conduct in the charging documents, including the criminal information, criminal complaint, and affidavit of probable cause. **See Commonwealth v. Martinez**, 153 A.3d 1025, 1031-32 (Pa. Super. 2016).

On appeal, Copeland asserts the record establishes that his guilty pleas were based on a single criminal act. He further argues that the elements of IDSI with a complainant less than sixteen years of age subsume all elements of IDSI with a child.

We initially consider Copeland's arguments that he only pled, or believed he was pleading guilty, to a single criminal act. Copeland observes that at the guilty plea hearing, the trial court referred to a stipulation without defining the basis of the stipulation. He asserts that the only document relevant to determining the basis of the stipulation is the August 2021 information, which he alleges, did not adequately apprise him that the offenses of IDSI with a complainant less than sixteen years of age and IDSI with a child involved separate criminal acts. Copeland also asserts that neither the affidavit of probable cause nor the October 2021 amended information supplement his understanding of the stipulation because the parties did not refer to those documents at the guilty plea hearing, the August 2021 information supplanted the affidavit of probable cause, and the trial court did not allow the Commonwealth to amend the August 2021 information.

We discern no legal authority supporting Copeland's cabined reading of the record or his narrow construction of the August 2021 information. This Court may look to all charging documents to determine whether offenses arose out of a single act. *See Martinez*, 153 A.3d at 1031. Moreover, a court may consider the totality of the circumstances to ensure guilty pleas are supported by the defendant's understanding of the charges. *See*

*Commonwealth v. Morrison*, 878 A.2d 102, 107-08 (Pa. Super. 2005) (*en banc*).  It is well settled that the entry of guilty pleas will waive procedural defects in the filing of charges.  *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007).

Having reviewed the entire record, we find ample bases to conclude that Copeland pled guilty to separate criminal acts.  At the plea hearing, Copeland admitted to having committed "these offenses."  *See* N.T., 11/15/21, at 2.  In the plea agreement form, Copeland and plea counsel signed underneath an acknowledgement that Copeland understood the "*affidavit*/factual basis."  Plea Agreement Form, 11/16/21, at 1 (capitalization omitted) (emphasis added).  The affidavit of probable cause, in turn, established that Copeland, on multiple occasions, performed oral sex on P.M.  *See* Affidavit of Probable Cause, 5/11/21, at 1.  P.M. specifically described two incidents that occurred in Cumberland County when he was under thirteen years of age.  *See id*. at 1.  P.M. also detailed numerous other incidents that occurred after he turned thirteen, but before he was sixteen years old, which occurred in Cumberland and Luzerne County.  *See id*. at 2.  The August 2021 information, when read in conjunction with the affidavit of probable cause, adequately apprised Copeland that the offenses of IDSI with a complainant less than sixteen years of age and IDSI with a child arose out of separate acts.

The record reveals no additional support for Copeland's argument that he pled, or believed he was pleading guilty, to IDSI with a complainant less than sixteen years of age and IDSI with a child based upon a single criminal

act. The October 2021 amended information, even if improperly filed, more clearly apprised Copeland of the same essential facts set forth in the affidavit of probable cause and the August 2021 information, namely, the offense of IDSI with a complainant less than sixteen years of age occurred after P.M. turned thirteen in Cumberland or Luzerne County and the offense of IDSI with a child occurred in Cumberland County before P.M. turned thirteen. *See* October 2021 Amended Information at 1; *cf. Jones*, 929 A.2d at 212. Further, the record makes clear that Copeland's plea counsel understood that the offenses involved separate criminal acts. Plea counsel did not object to the trial court's references to the "offenses" at the guilty plea hearing, argued for concurrent sentences at sentencing, and did not object to P.M.'s requests for or court's imposition of consecutive sentences. *See* N.T., 11/15/21, at 4-5; *see also* N.T., 3/31/22, at 7-8. This court must presume that plea counsel was competent and provided effective representation throughout the plea process. *Cf. Commonwealth v. Bedell*, 954 A.2d 1209, 1211 (Pa. Super. 2008).

Thus, we conclude the record established that Copeland understood he was pleading guilty to separate acts of IDSI—one committed in Cumberland County when P.M. was under the age of thirteen and one committed after P.M. turned thirteen but before he turned sixteen. Accordingly, his claim that his guilty pleas involved a single criminal act lacks merit, and his sentencing merger claim must fail. *See Commonwealth v. Williams*, 958 A.2d 522,

527 (Pa. Super. 2008) (noting when offenses arise from two different criminal acts, a merger analysis of the elements of the offense is not required).[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/21/2023

---

[6] Because we conclude Copeland pled guilty based on separate criminal acts, we need not consider his argument that IDSI with a complainant less than sixteen years of age includes all of the elements of IDSI with a child. **Williams**, 958 A.2d at 527. We note IDSI with a complainant less than sixteen years of age are both graded as first-degree felonies; however, our legislature clearly intends IDSI with a child to be a separate and the more severe offense. **See** 18 Pa.C.S.A. § 3123(a)(7), (b), (d)(1) (authorizing a maximum sentence of forty years for IDSI with a child).