J-S40041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                                             :

               v.                      :
                                             :
                                           :

DONDRE TERRELL MCMILLAN       :
                                             :

           Appellant         :    No. 258 MDA 2025

Appeal from the Judgment of Sentence Entered November 12, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001379-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:           **FILED: DECEMBER 23, 2025**

     Dondre Terrell McMillan (Appellant) appeals from the judgment of sentence imposed following his jury convictions of one count each of delivery of a controlled substance (delivery), possession with intent to deliver a controlled substance (PWID), fleeing or attempting to elude a police officer (fleeing or eluding), and criminal use of a communication facility.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we dismiss the appeal.

     The trial court summarized the history underlying this appeal:

[Appellant] sold a quantity of methamphetamine to a confidential informant (who testified personally at trial) on October 12, 2023. After that sale, law enforcement officers pursued [Appellant, who had fled in his own vehicle,] in an attempt to [e]ffect his arrest. After law enforcement activated their emergency vehicle lights,

---

[1] 35 P.S. § 780-113(a)(30); 75 Pa.C.S.A. § 3733; 18 Pa.C.S.A. § 7512.

> [Appellant] accelerated his vehicle on a Lycoming County highway to a very high rate of speed, in an attempt to flee. Eventually, [Appellant's] vehicle collided with one of the law enforcement vehicles. [Appellant] then left his vehicle and fled on foot from law enforcement…. After [Appellant] was apprehended, law enforcement searched his vehicle and located a large quantity of methamphetamine.

Trial Court Opinion, 3/21/25, at 1.

Following Appellant's arrest, the Commonwealth charged him with the above-mentioned offenses, as well as with two counts of aggravated assault (related to the vehicle collision). Appellant did not appear for trial, and was tried before a jury *in abstentia*. The jury subsequently convicted Appellant of all but the aggravated assault charges.

Appellant, who was later apprehended on a bench warrant, appeared for sentencing on November 12, 2024. For his conviction of delivery, the trial court sentenced Appellant to a prison term of four to eight years. For his conviction of PWID, the trial court imposed a concurrent prison term of five to ten years. For his conviction of criminal use of a communication facility, the trial court imposed a concurrent prison term of two to four years. Finally, for his conviction of fleeing or eluding, the trial court imposed a consecutive prison term of one to two years. Thus, the trial court imposed an aggregate sentence of six to twelve years in prison.

Appellant timely filed a post-sentence motion, which the trial court denied. Thereafter, Appellant filed the instant timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review: "Whether the sentencing court abused its discretion in sentencing Appellant to a total of six to twelve years of incarceration?" Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). "[A]n appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test." *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super 2015).

> We conduct a four-part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 532 (Pa. Super. 2011)).

Instantly, our review discloses that Appellant timely filed his notice of appeal and preserved his claim in a post-sentence motion. Appellant includes in his appellate brief a statement of reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Accordingly, we turn our attention to whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See Leatherby*, 116 A.3d at 83.

- 3 -

A substantial question is presented where:

an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

**Commonwealth v. Mastromarino**, 2 A.3d 581, 585-86 (Pa. Super. 2010) (citation omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant argues that the trial court improperly imposed a consecutive sentence for his conviction of fleeing or eluding, because "it was one single criminal episode and all counts should have been run concurrently."[2] Appellant's Brief at 12. Appellant generally asserts the trial court failed to consider the sentencing factors and criminal conduct underlying his conviction when the court imposed consecutive sentences, but fails to identify the fundamental norm or Sentencing Code section violated by the trial court. **See id.**

As this Court has explained,

"[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." [**Commonwealth v.**] **Moury**, 992 A.2d [162,] 171 [(Pa. Super. 2010)] (citation omitted). "Generally,

---

[2] Appellant does not claim that that his sentence for fleeing or eluding should have merged at sentencing, or otherwise challenge the legality of his sentence. **See Commonwealth v. Brown**, 159 A.3d 531, 532 (Pa. Super. 2017) (recognizing that a claim that two crimes should have merged for sentencing purposes implicates the legality of the sentence).

> Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** 42 Pa.C.S.A. § 9721(a) (providing that the court may impose sentences "consecutively or concurrently"); … ***Commonwealth v. Hoag***, … 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating that an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). **"The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in <u>only the most extreme circumstances</u>, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment**." ***Moury***, 992 A.2d at 171-72 (citation omitted) (emphasis added).

***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018) (emphasis added). ***Contra Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013) (finding a substantial question based upon the imposition of consecutive sentences, but cautioning that a defendant does not raise a substantial question "where the facts of the case [being reviewed] do not warrant the conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved.").

As stated above, Appellant's Pa.R.A.P. 2119(f) statement  does not identify the sentencing norm or provision of the Sentencing Code purportedly violated by the trial court.  Further, Appellant's consecutive prison term of one to two years, a standard guidelines-range sentence for fleeing or eluding, is not *prima facie* excessive based on the conduct involved.  Appellant fled from police following a drug transaction.  Under these circumstances, we conclude Appellant has failed to raise a substantial question.  ***See Radecki***, 180 A.3d

at 470; *Mastromarino*, 2 A.3d at 585-86. *But see Commonwealth v. Proust*, 392 A.3d 670, 154 MDA 2024 (Pa. Super. filed Oct. 31, 2024) (unpublished memorandum at 9) (concluding appellant had raised a substantial question by challenging the imposition of consecutive sentences for sex crimes committed over a period of several hours, as the case involved a single criminal episode).[3]

We observe that even if Appellant had properly invoked this Court's jurisdiction, we would conclude his claim lacks merit. We apply the following well-settled standard of review to a discretionary sentencing challenge:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Verma*, 334 A.3d 941, 946 (Pa. Super. 2025) (citation omitted).

Appellant argues that his consecutive sentence for fleeing or eluding constituted an abuse of the trial court's discretion. Appellant's Brief at 13. Appellant first points out the trial court's statement to him, during sentencing, that "you and every other criminal defendant think that a high-speed chase

---

[3] Unpublished memoranda filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

that could very easily put people in the cemetery is [going to] be separately sentenced." *Id.* at 14 (citation omitted). Appellant argues that his fleeing or eluding sentence should have been imposed concurrently, because

> [i]t was established at trial that Appellant was going about one hundred miles an hour before the police activated their emergency lights. That by the time they did activate their emergency lights, Appellant was going about fifty miles per hour. Both undercover vehicles, in front of Appellant, did not have emergency lights or any sort of marking that would have made Appellant aware they were police cars. … Appellant contends that because this was one single criminal episode[,] he should have been sentenced concurrently on all counts….

*Id.* at 15. According to Appellant, these facts establish that this "was one criminal episode and all counts should have been run concurrent with one another." *Id.*

As stated above, the decision to impose sentences consecutively or concurrently lies within the sound discretion of the sentencing court. *Radecki*, 180 A.3d at 470. We will not disturb consecutive sentences "unless the aggregate sentence is 'grossly disparate' to the defendant's conduct[] or viscerally appear[s] as patently unreasonable." *Commonwealth v. Bankes*, 286 A.3d 1302, 1310 (Pa. Super. 2022) (citation and some internal quotation marks omitted).

Instantly, Appellant's consecutive, standard guidelines-range sentence of one to two years in prison, for his conviction of fleeing or eluding, is not grossly disparate to Appellant's conduct, and does not viscerally appear as patently unreasonable. *See id.* As the trial court explained in its opinion,

> [t]he [trial] court considered the pre-sentence report and sentenced [Appellant] within the Standard Guideline[s] range for delivery[,] … and ran his sentence for [PWID] … concurrently, within the Standard Guideline[s] range.
>
> Had the [trial c]ourt elected to sentence [Appellant] consecutively for [PWID] …, the sentence (justified by the facts of this case) would have been an aggregate [minimum] period of incarceration of ten (10) years. Instead, the [c]ourt ran the sentences for delivery and [PWID] concurrently, and sentenced [Appellant] to a consecutive sentence (within the Standard Guideline range) for fleeing or [eluding]. As a result, his aggregate minimum period of confinement will be six (6) years.
>
> In the view of [the trial court], the aggregate sentence is not "[a]n excessive level in light of the criminal conduct at issue in this case. [**Prisk**,] 13 A.3d at 533.

Trial Court Opinion, 3/21/25, at 3-4; **see also Commonwealth v. Hill**, 210 A.3 1104, 1117 (Pa. Super. 2019) ("Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (citation omitted); **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) ("Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

The trial court's analysis and conclusion are supported by the record and law. Consequently, even if Appellant had preserved his discretionary sentencing issue, his claim would not merit relief.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/23/2025</u>